Scott K. Oberholtzer, Esq.
18 East King Street
Lancaster, PA 17602
PA ID 23698
(717) 397-4194
(717) 397-1574
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA A. DRAGO | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff | ) | |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | |
| MILLERSVILLE BOROUGH, | ) | |
| MILLERSVILLE BOROUGH POLICE | ) | |
| DEPARTMENT and MATTHEW HAMMER | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant | ) | |

## COMPLAINT

### I.  Introduction

1.     Named Plaintiff, LISA A. DRAGO,  files this civil rights action on behalf

of herself against the Borough of Millersville,  Lancaster County Pennsylvania and an individual

member of the Millersville Borough Police Department arising out of conduct which is

unconstitutional and which led to the Plaintiff's unlawful arrest, violation of her right to privacy

and assault and battery of the Plaintiff by the Defendants.

### II.  Jurisdiction

2.     This claim concerns the violation of civil rights and this Court has jurisdiction

pursuant to 28 U.S.C. Sections 1331, 1341(3)(4), 1337 and 1343 (a)(3) and (a)(4).  Plaintiff brings

this action under 42 U.S.C. section 1983, 1988, and the 1st, 4th, 5th and 14th Amendments to the United States Constitution. The Plaintiff further invokes the pendant jurisdiction of the Court to hear and decide claims under state law.

3.      The police officer, Matthew Hammer, and the other Defendants had due notice of the incident. The amount in controversy exceeds One Hundred Fifty Thousand ($150,000.00) dollars, excluding interest, attorney's fees and costs of suit.

### III. Venue

4.      Plaintiff currently resides in Lancaster County, Pennsylvania, which is in the District and Division; the claims happening in Millersville Borough and the City of Lancaster, Lancaster County, Pennsylvania alleged arose in this District. Accordingly, venue properly lies in the Eastern District of Pennsylvania pursuant to 28 U.S.C. Section 1391.

### IV. Parties

5.      Plaintiff, LISA A. DRAGO, is an adult individual whose permanent residence is 502 Bridge Valley Road, Pequea, Lancaster County, Pennsylvania.

6.      Defendant, Millersville Borough, hereinafter sometimes referred to as Millersville, is a local municipality of the Commonwealth of Pennsylvania that owns, operates, manages, directs, and controls the Millersville Borough Police Department, which employs the named Defendant Officer Matthew Hammer, and is responsible for providing the policing services which the Plaintiff relies on for her safety. The Borough of Millersville sets and implements local policies, statutes, ordinances, laws and enforcement of the Crimes Code of the Commonwealth of Pennsylvania that govern the Millersville Borough Department, as well as ensuring that its police officers have the training and skills to protect and to serve the community.

7.      Defendant, Millersville Borough Police Department employed and continues to employ the named Defendant, Officer Matthew Hammer, and is responsible for providing the policing services which the Plaintiff relies on for her safety as well as ensuring that its police officers have the training and skills to protect and serve the community.

8.      Defendant, MATTHEW HAMMER, was a police officer employed by the Borough of Millersville at all times relevant to the this action and who committed the acts and omissions alleged in this Complaint. He is sued in his individual capacity and in his official capacity as a Borough of Millersville Police Officer acting at all times relevant hereto including June 14, 2006 under color of this authority and a Millersville Borough Police Officer.

9.      At all times herein mentioned, all the individual Defendant was a police officer acting under color of his authority as Millersville Borough Police Officer pursuant to the customs, practices and policies of the Millersville Borough Police Department.

### V.  Factual Allegations

10.      At all times relevant hereto including the date of the incident, Defendant Matthew Hammer, hereinafter sometimes referred to as Hammer, was employed as and acting within the scope of his employment as a police officer for Millersville Borough, Lancaster County, Pennsylvania and acting under color of his authority.  His office address is 100 Municipal Drive, Millersville, PA 17551 with his permanent home address being unknown.

11.      On or about the 14 day of June, 2006, Defendant was arrested for the charge of driving under the influence of alcohol and/or a controlled substance.

12.      Hammer, the arresting officer, had **no** experience in prior arrests for the charge of driving under the influence of a controlled substance.

13.      The officer therefore was not in a position to state that in his professional opinion, the

Plaintiff was under the influence of a controlled substance.

14.     The officer **did not** have the requisite expertise and/or skill to make a determination that the Plaintiff was allegedly under the influence of a controlled substance such as would permit him to request that she provide a blood test to determine whether or not she was under the influence of a controlled substance and therefore lacked sufficient cause to request a blood test.

15.     Despite this, and without sufficient information, the police officer placed her under arrest, requested that she give a test for blood.

16.     He took her to the Lancaster Regional Hospital, whereupon a sample of her blood was drawn.

17.     Given the Plaintiff's condition that evening, the consent that she gave to a test for alcohol and/or blood, was not knowing and/or voluntary.

18.     There has been instituted a Drug Recognition Expert Program to train police officers in recognizing the indicia of being under the influence of a controlled substance.

19.     The very formation of this task force/educational program, evidences the fact that officers such as, the officer involved in this case, did not have the requisite experience/skills,  to be able to formulate a reasonable suspicion that the Defendant was under the influence of a controlled substance.

20.     The drawing of the blood of the Plaintiff, was improper and in violation of her rights under *inter alia*, by Article One, Sections 8 and 9 of the Constitution of the Commonwealth of Pennsylvania; the Fourth (4th), Fifth (5th), Sixth (6th), and Fourteenth (14th) Amendments of the Constitution of the United States; and the Pennsylvania Vehicle Code.

21.     At the time of the arrest, the Plaintiff was taken by Hammer, the arresting officer, to the Lancaster Regional Hospital.

22.     He was without a female accompaniment.  The arresting officer was a male.

23.     At the facility, the Defendant needed to use the restroom.

24.     Rather than obtaining the services of a female nurse and/or female orderly, the police officer instead took her into a one (1) person, unit the bathroom and assisted her in pulling down her pants and underwear while chained her to one of the supports. This caused him to be able to view her genitalis.

25.     Hammer stated that there is no written protocols in effect for he and his employer with respect to the procedure to transport an opposite sex suspect nor at that time were there any female Police Officers on the Millersville Borough Police Force.

26.     The Emergency Room at Lancaster Regional Medical Center is exited through a secure door, therefore the Plaintiff was not a flight risk.

27.     There were female hospital personnel in the area that could have assisted Plaintiff in pulling down her pants and underwear.

28.     Defendant Hammer chained Plaintiff to a support railing in the one (1) person individual windowless bathroom from where she could not escape.

29.     The Plaintiff had been searched and had no weapons or contraband prior to being taken into the hospital so she was not a danger to herself or others.

30.     The Defendant Hammer improperly, illegally and in violation of the Plaintiff's Constitutional Rights compelled her to expose her private parts to him rather than obtaining female assistance.

31.     In addition after viewing her private parts, he continued to remain in the half open bathroom door watching while Plaintiff urinated exposing her in addition to the officer to other patients and visitors to the hospital.

32.     This was totally unwarranted and unnecessarily to expose the Plaintiff to public embarrassment and was an unconstitutional invasion of her privacy.

33.     Defendant Hammer had no justiciable care for his safety or the Plaintiff, in fact he left her stand away from him and smoke a cigarette outside before entering the hospital.

34.     As a direct and proximate result of Defendant Hammer's actions in viewing her private parts and exposing her to public view, the Plaintiff suffered a serve humiliation and embarrassment.

35.     Keeping the door half open and viewing the Plaintiff was extremely unjustified and constituted an unreasonable and excessive use of force as well as violation of her right to privacy.

36.     Defendant's behavior is not obtaining female assistance was unjustified, excessive, and undertaken in violation of the plaintiff's federal and state constitutional rights.

37.     As a matter of practice and policy, the Borough of Millersville has been deliberately indifferent to the rights of citizens to be free from unreasonable searches and seizures, and violation of their rights to privacy and has failed to properly train, supervise, and discipline police officers, including the individual defendants, regarding constitutional restraints on the police power while arresting, searching, and detaining individual citizens of the opposite sex, and this practice and policy caused the constitutional violations in this case.

## COUNT ONE

## Constitutional Violations And 42 U.S.C. Section 1983

## Against Defendant Hammer,

38.     Paragraphs 1 through 37 are incorporated herein by reference.

39.     Defendant had no probable cause to arrest, search, or prosecute named Plaintiff under the Fourth and Fourteenth Amendments of the United States Constitution.

40.     The Defendants Hammer acting under color of law and in the manner aforesaid intentionally and with complete disregard of Plaintiff's rights under the Constitution and 42 U.S.C. 1983 unreasonably violated her right to privacy.

41.     The actions of the Defendant toward the Plaintiff was malicious entitling her to punitive damages.

42.     The conduct of the Defendant was so grossly disproportionate to the circumstances to shock the conscience.

43.     The Plaintiff was deprived of her protected rights since the conduct of Hammer was unreasonable in light of the circumstances of the arrest.

44.     The act of force used against the Plaintiff by the Defendant is so egregious that it resulted in harm not redressable in a state tort law action and rises to the level of a constitutional tort.

45.     The Defendant's conduct was grossly negligent and/or reckless which constituted a deliberate abuse of governmental power.

46.     As a proximate result of the Defendants' constitutional violations, named plaintiff has suffered and will continue to  suffer the following injuries and damages:

a.     Violation of plaintiff's constitutional rights under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

b.     Embarrassment and emotional trauma as a result of the aforesaid actions of the defendant police officer and has suffered mental and emotional suffering as a result of the aforesaid actions of the defendant police.

47.     The actions of the Defendant violated the following clearly established Federal Constitutional Rights of the Plaintiff by the Defendant Hammer and will continue to violate the following rights of others:

a.      Freedom to be free from unreasonable searches and seizures;

b.      Freedom from the use of excessive and unreasonable force;

c.      Freedom from the deprivation of liberty without due process of law;

d.      Right to privacy;

e.      Right to be free from malicious prosecution;

f.      Right to be free from excessive force; and

48.     The Defendant subjected Plaintiff to these deprivations of her rights either maliciously, with gross negligence or by acting with a reckless disregard for the violation of Plaintiff's rights by the Defendant.

49.     The above described actions of the Defendant, he was so malicious, intentional and reckless and displayed such a reckless indifference to the Plaintiff's rights and well-being, that the imposition of punitive damages is warranted.

**WHEREFORE**, Plaintiff requests the following relief:

1.      Take jurisdiction of this matter;

2.      Grant a trial by jury;

3.      Award named Plaintiff nominal and/or compensatory damages against all Defendants, jointly and severally, for each claim above, that are fair, just, and reasonable as the jury determines;

4.      Award named Plaintiff punitive damages as against the individual Defendants to the extent that their liability is based upon reprehensible actions and/or inaction undertaken in their individual capacities, in such amounts as the jury determines;

5.      Award name Plaintiff prejudgment interest, reasonable attorney's fees, and costs and permitted by law; and

6.      Award such other and further relief, as this Court may deem appropriate.

## COUNT TWO

### Against the Borough of Millersville, and Millersville Borough Police Department

50.     Paragraphs 1 through 49 are incorporated herein by reference.

51.     Defendant Borough of Millersville and the Borough of Millersville Police Department acting with reckless disregard of Plaintiff's rights authorized, tolerated and institutionalized the customs and policies giving rise to the mistreatment of the Plaintiff.

52.     Defendant failed to adequately train its officers and supervise its officers in the method of properly arresting a female individual or providing for the assistance of a female officer and in protecting Plaintiff's privacy.

53.     As a result of the Defendants conduct, Plaintiff suffered the violation of her rights set forth above.

54.     The said Defendants are responsible for the actions of their employee, Defendant Hammer.

**WHEREFORE**, Plaintiff requests the following relief:

1.      Take jurisdiction of this matter;

2.      Grant a trial by jury;

3.      Award named Plaintiff nominal and/or compensatory damages against all Defendants, jointly and severally, for each claim above, that are fair, just, and reasonable as the jury determines;

4.      Award named Plaintiff punitive damages as against the individual Defendants to the extent that their liability is based upon reprehensible actions and/or inaction undertaken in their individual capacities, in such amounts as the jury determines;

5.      Award name Plaintiff prejudgment interest, reasonable attorney's fees, and costs

and permitted by law; and

      6.     Award such other and further relief, as this Court may deem appropriate.

.

## COUNT THREE

### Supplemental State Law Claims

### Against Defendants Hammer

     55.     Paragraphs 1 through 54 are incorporated herein by reference.

     56.     The acts and conduct of the Defendant Hammer constitutes, unlawful, assault and

battery,

under the laws and Constitution of the Commonwealth of Pennsylvania while acting in his official

capacity. This Court has pendant jurisdiction to hear and adjudicate the above claims.

     57.     As a result of the assaults and battery, Plaintiff suffered the damages aforesaid.

     58.     The conduct of Defendant Hammer was wanton and malicious.

     59.     The conduct of Defendant Hammer constituted intentional infliction of emotion

distress on the Plaintiff.

     **WHEREFORE**, Plaintiff requests the following relief:

     1.     Take jurisdiction of this matter;

     2.     Declare the Defendants actions Unconstitutional;

     3.     Grant a trial by jury;

     4.     Award named Plaintiff nominal and/or compensatory damages against all

Defendants, jointly and severally, and punitive damages as against the individual

Defendants under each claim above, in such amounts as the jury determines;

     5.     Award the Plaintiff prejudgment interest, reasonable attorney's fees, and costs as

permitted by law; and

6.      Award such other and further relief, as this Court may deem appropriate.


## COUNT FOUR

### Supplemental State Law Claims Against the Borough of Millersville

### and Borough of Millersville Police Department

60.      Paragraphs 1 through 59 are incorporated herein by reference.

61.      The above Defendants are responsible for the actions of their employee Hammer, which were done in the performance of his official duties under their supervision and control.

62.      As a proximate result of the actions set forth above by the employee and the acts or failure to act of the Borough and the Police Department the Plaintiff suffered the injuries set forth above.

63.      Plaintiff demands relief against these Defendants as set forth above.

**WHEREFORE**, Plaintiff requests the following relief:

1.      Take jurisdiction of this matter;

2.      Grant a trial by jury;

3.      Award named Plaintiff nominal and/or compensatory damages against all Defendants, jointly and severally, for each claim above, that are fair, just, and reasonable as the jury determines;

4.      Award named Plaintiff punitive damages as against the individual Defendants to the extent that their liability is based upon reprehensible actions and/or inaction undertaken in their individual capacities, in such amounts as the jury determines;

5.      Award name Plaintiff prejudgment interest, reasonable attorney's fees, and costs

and permitted by law; and

      6.    Award such other and further relief, as this Court may deem appropriate.


Respectfully submitted,


_____SKO6910_____
SCOTT K. OBERHOLTZER, ESQ.
PA ID #23698
18 East King Street
Lancaster PA 17602
(717) 397-4194
(717) 397-1574
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA A. DRAGO | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff | ) | |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | |
| MILLERSVILLE BOROUGH, | ) | |
| MILLERSVILLE BOROUGH POLICE | ) | |
| DEPARTMENT and MATTHEW HAMMER | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant | ) | |

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am on this day serving a true and correct copy of the

foregoing COMPLAINT  upon the following person(s) in the manner set forth below:

Chief John D. Rochat                                       Delivery Method:
Millersville Borough Police Department      ☐  First Class Mail, Postage Prepaid
100 Municipal Drive                                       ☐  Hand Delivery
Millersville, PA 17551


Police Officer Matthew Hammer                 Delivery Method:
Millersville Borough Police                          ☐  First Class Mail, Postage Prepaid
100 Municipal Drive                                       ☐  Hand Delivery
Millersville, PA 17551


Millersville Borough
100 Municipal Drive                                   Delivery Method:
Millersville, PA 17551                                 ☐  First Class Mail, Postage Prepaid
                                                                   ☐  Hand Delivery


Dated: _____                    SKO6910
_____                    Scott K. Oberholtzer, Esquire
                                                                   18 East King Street
                                                                   Lancaster, PA  17602
                                                                   (717) 397-4194
                                                                   I.D. No. 23698
                                                                   Attorney for Plaintiff